**In the Matter of John G. HELLEW.**

**No. 2003–346–M.P.**

Supreme Court of Rhode Island.

June 25, 2003.

David Curtin, Providence.

John Hellew.

Present: WILLIAMS, C.J., FLANDERS, GOLDBERG, and FLAHERTY, JJ.

### ORDER

This matter came before the Court pursuant to a decision and recommendation of the Supreme Court Disciplinary Board (board) that the respondent, John G. Hellew (respondent), be suspended from the practice of law for a period of ninety days. Article III, Rule 6(d) of the Supreme Court Rules of Disciplinary Procedure provides in pertinent part:

"If the [b]oard determines that a proceeding * * * should be concluded by public censure, suspension or disbar-

ment, it shall submit its findings and recommendations, together with the entire record, to this Court. This Court shall review the record and enter an appropriate order."

Pursuant to our order, respondent appeared before the Court on June 12, 2003, to show cause, if any, why he should not be disciplined. After hearing the arguments of counsel and examining the memoranda filed by the parties, we are of the opinion that cause has not been shown and that respondent should be disciplined. However, we decline to adopt the disciplinary recommendations of the board and hereby suspend respondent from the practice of law for one year.

The facts leading to these proceedings arise from respondent's representation of Paul and Deborah Whyte (collectively referred to as the Whytes). The respondent has been an acquaintance of the Whyte family for several years. On May 11, 2001, the Whytes purchased a parcel of real estate in the town of North Providence, Rhode Island (town). The purchase was a cash transaction, and respondent was the settlement agent for the closing of the sale. At the closing, respondent received $840.39 toward payment of the quarterly real estate taxes and $552 toward the purchase of an owner's title insurance policy for the benefit of the Whytes.

The respondent, however, did not remit the taxes or purchase the policy. Rather, he converted those funds to his own use. When the taxes were not paid, the town added interest to the amount due. In August 2001, when the Whytes became aware that the quarterly taxes had not been paid by respondent, they paid the tax due plus interest, and sought reimbursement from respondent.

The respondent admitted to the Whytes that he had converted his funds and promised to make restitution to them in the amount of $100 per week until he had fully repaid his obligation. The respondent paid $300 to the Whytes in October 2001 and thereafter, the payments ceased.

In December 2001, the Whytes filed a complaint with the board against respondent. The board authorized the filing of formal charges of misconduct and a hearing was scheduled for January 2003. Meanwhile, in December 2002, seventeen months after the closing and one year after the filing of the disciplinary complaint, respondent made full restitution to the Whytes.

The respondent did not dispute the factual allegations at the disciplinary hearing. In mitigation, he presented testimony to the board that his law practice was doing poorly in 2001, resulting in financial problems. The respondent also testified that he is a compulsive gambler, that he is active in Gamblers Anonymous and that he had ceased gambling as of December 2002. The respondent has also self-excluded himself from gambling establishments in Rhode Island. Additionally, respondent presented testimony that he is being treated for depression. Finally, respondent expressed remorse for converting the Whytes' money.

The board concluded that respondent violated Article V, Rules 1.15(a),[1] 1.15(b) [2]

---

1. Article V, Rule 1.15(a) of the Supreme Court Rules of Professional Conduct, entitled "Safekeeping property," provides: "A lawyer shall hold property of clients or third persons that is in a lawyer's possession in connection with a representation separate from the lawyer's own property. Funds shall be kept in a separate account maintained in the state where the lawyer's office is situated or elsewhere with the consent of the client or third person. Other property shall be identified as such and appropriately safeguarded."

2. Rule 1.15(b), entitled "Safekeeping property," provides: "Upon receiving funds or other

and 8.4(c)[3] of the Supreme Court Rules of Professional Conduct and recommended a ninety-day suspension. While this Court gives great weight to the recommendations of the board, we remain the final arbiter of professional discipline. *See In re O'Donnell*, 736 A.2d 75, 81 (R.I.1999). "In fashioning an appropriate sanction we weigh both the mitigating and aggravating factors present in each case." *In re Cozzolino*, 811 A.2d 638, 641 (R.I.2002).

After reviewing the record and hearing the representations of respondent, we concur with the findings of the board with respect to the rules violated but we depart from the board's recommendation as to the appropriate sanction. In this case respondent converted approximately $1,500 of client funds. Full repayment was not made for seventeen months, and not until the disciplinary hearing was imminent. While we encourage respondent in his efforts to control his compulsive gambling, neither financial difficulties nor gambling addictions justify the misappropriation of client funds.

The purposes of professional discipline are to protect the public and maintain the integrity of the profession. *In re Scott*, 694 A.2d 732, 736 (R.I.1997). Those dual purposes are best served in this case by suspending respondent from the practice of law for one year.

Accordingly, the respondent, John G. Hellew, is hereby suspended from the practice of law for one year commencing thirty days from the date of this opinion.

The respondent is ordered to comply with the requirements of Article III, Rule 15 of the Supreme Court Rules of Disciplinary Procedure.

---

property in which a client or third person has an interest, a lawyer shall promptly notify the client or third person. Except as stated in this rule or otherwise permitted by law or by agreement with the client, a lawyer shall promptly deliver to the client or third person any funds or other property that the client or third person is entitled to receive and, upon request by the client or third persons, shall promptly render a full accounting regarding such property."

3. Article V, Rule 8.4(c) of the Supreme Court Rules of Professional Conduct, entitled "Misconduct," provides in pertinent part: "It is professional misconduct for a lawyer to * * * engage in conduct involving dishonesty, fraud, deceit or misrepresentation * * *."